362 So.2d 174 (1978)
Laverne Campbell COLLINS, Formerly Known As Laverne Campbell Newton, Appellant,
v.
Carey Edgar NEWTON, Sr., Appellee.
No. 78-113.
District Court of Appeal of Florida, Second District.
September 15, 1978.
*175 Alexander G. Paderewski, of Dent & Pflugner, P.A., Sarasota, for appellant.
GRIMES, Chief Judge.
The parties were divorced in 1966, and custody of their two-year old son was awarded to the mother. Ten years later the father filed a petition to modify custody. Following a hearing, the court granted custody of the boy to his father upon the condition that the father pay his arrearage in child support payments. The mother now appeals the order changing custody.
The father produced evidence of his improved circumstances since the divorce. He had remarried and moved to Arkansas where he now lives with his wife and their two daughters. The mother's circumstances had not substantially changed. She was a waitress when the parties were divorced, and she now works as a bar manager. Her second marriage also ended in a divorce. The boy was generally well adjusted and made good grades in school. He told the judge that while he had enjoyed visiting with his father during the summer, he preferred to remain with his mother. The Department of Health and Rehabilitative Services concluded that both parents were fit, but because of the boy's age and interest in doing things with his father, recommended that custody be given to the father.
In order to modify custody, there must have been a substantial change in circumstances since the entry of the original order. Robinson v. Robinson, 333 So.2d 526 (Fla.2d DCA 1976). In the final judgment the court specified the fact that the boy was about to enter high school as the change in circumstances which dictated a change in custody to the father. We cannot see how this fact, standing alone, would warrant removing a child from his mother with whom he had lived under a custody order for the past ten years.
The record reflects that in recent months the mother had sometimes permitted a man to stay overnight in the home; however, there was no evidence that such occurrences had any direct bearing on the welfare of the child. Cf. Dinkel v. Dinkel, 322 So.2d 22 (Fla. 1975). In any event, the court specifically found that both parents were fit to have custody.
This case is similar in many respects to Hutchins v. Hutchins, 220 So.2d 438 (Fla.2d DCA 1969). There the judge modified a custody order of four-years standing because he concluded that the older boy needed the parental guidance of his father. The judge found that both parties were fit persons to have custody but reasoned that since the father's income had substantially increased, he was better able to provide for the needs of the children. On appeal this court first observed that improved circumstances of the father after a divorce in which custody had been given to the mother would not alone authorize modification of custody where the mother was not unfit. We pointed out that modification of a divorce decree requires a greater showing than would have been necessary to grant the requested relief at the time of the original trial. In reversing the change of custody order, we held that the mere finding that the best interest and welfare of the children would be served by a custodial change was insufficient to warrant modification when there was no showing of a detriment to the children if custody were not changed.
In the same vein, we believe that the evidence presented below would have been enough to support an award of custody to the father if this were an original proceeding. It was legally insufficient to support a change of custody.
REVERSED.
OTT and DANAHY, JJ., concur.